IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

JOANN BACELLI,

       Plaintiff,

vs.                    CASE NO.: 8:09-cv-1396-JDW-EAJ


MFP, INC. and
ST. JOSEPH'S HOSPITAL, INC.

       Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff Joann Bacelli hereby files this Second Amended Complaint pursuant to Fed.R.Civ.P. 15(a), having received written consent of the adverse party through electronic means of even date herewith, and sues defendants MFP, Inc. and St. Joseph's Hospital, Inc., stating as follows:

## PART I: INTRODUCTION

1. This action was originally filed in state court, specifically the small claims division of the County Court in Hillsborough County, 13th Judicial Circuit, State of Florida. It has been removed to Federal Court by defendant MFP, Inc. pursuant to 28 U.S.C. Sec. 1441(a). It is an action for damages brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which prohibits debt collectors from engaging

in abusive, deceptive and unfair practices in the collection of consumer debts; and the Florida Consumer Collection Practices Act, Chap. 559, Florida Statutes ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.

2.   Pursuant to 15 U.S.C. § 1692k, defendants subject to the provisions of the FDCPA are jointly and severally liable to each separate plaintiff for actual damages, statutory damages of $1,000, attorney's fees, and costs.

3. Pursuant to § 559.77(2), Fla. Stat., defendants subject to the provisions of the FCCPA are each separately liable to each separate plaintiff for actual damages, maximum statutory damages of $1,000 for each separate violation displaced in time, attorney's fees, and costs.

4. This Court is empowered to provide equitable relief pursuant to § 559.77(2), Fla. Stat., by enjoining the defendants from further violations of the FCCPA.

5. The plaintiff has retained the below-signed attorney and is obligated to pay him a reasonable fee for his services.

PART II: JURISDICTION AND VENUE

6. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

7. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

PART III: PARTIES

8. Plaintiff Joann Bacelli ("Bacelli") is a natural person residing in Hillsborough County, Florida, which is in the Middle District of Florida, Tampa Division.

9. The defendants herein are as follow:

      a. MPF, Inc. ("MFP") is a Florida corporation doing business as "Financial Credit Services" in Florida, with its principal place of business located in Clearwater, Florida.

      b. Defendant St. Joseph's Hospital, Inc. ("St. Joseph's") is a Florida corporation with its principal place of business being located in Tampa, Florida.

10. Defendant MFP, Inc. is a "debt collector" as defined at 15 U.S.C., Section 1692a(6), and is thereby subject to the provisions of the FDCPA. All defendants are subject to the provisions of the FCCPA.

11. The debt sought to be collected by the defendants herein was a consumer debt.

**PART IV: CLAIM FOR VIOLATIONS OF THE FDCPA**

COUNT I: FACTS AND CLAIMS UNDER FDCPA

12. Paragraphs 1 through 11 above are hereby realleged

and incorporated as if more fully stated herein.

13. One ore more violations of the FDCPA were committed by defendants MFP and St. Joseph's while engaged in debt collection activity with respect to Bacelli within one year prior to the filing of this action; those violations include, but are not limited to, those indicated in the following subparagraphs:

a. On August 29, 2008 attorney Joryn Jenkins filed bankruptcy for Bacelli in the U.S. Bankruptcy Court for the Middle District of Florida, being Case No. 8:08-bk-13272-CPM on the docket of that court; Bacelli was thus protected by the bankruptcy automatic stay and was represented by the above-said attorney as to all existing debts. Bankruptcy discharge was granted on December 12, 2008, whereupon Bacelli was protected by the bankruptcy discharge injunction.

b. On or about September 5, 2008, St. Joseph's was notified of the pending bankruptcy action, as shown by the bankruptcy Certificate of Service attached as Exhibit "A".

<u>FIRST VIOLATION OF FDCPA</u>

c. On or about November 18, 2008 MFP sent a dunning letter to Bacelli, a copy of which is attached as Exhibit "B".

d. By sending Exhibit "B" while Bacelli was protected by the bankruptcy automatic stay and represented by

counsel, MFP violated 15 U.S.C. §§ 1692c(a)(2), 1692e(2)(A) and 1692f(1).

<u>SECOND VIOLATION OF FDCPA</u>

e. On or about December 18, 2008 MFP sent a dunning letter to Bacelli, a copy of which is attached as Exhibit "C".

f. By sending Exhibit "C" while Bacelli was protected by the bankruptcy discharge injunction, MFP violated 15 U.S.C. §§ 1692c(a)(2), 1692e(2)(A) and 1692f(1).

<u>THIRD VIOLATION OF FDCPA</u>

g. On or about February 18, 2009 MFP sent a dunning letter to Bacelli, a copy of which is attached as Exhibit "D".

h. By sending Exhibit "D" while Bacelli was protected by the bankruptcy discharge injunction, MFP violated 15 U.S.C. §§ 1692c(a)(2), 1692e(2)(A) and 1692f(1).

WHEREFORE, Bacelli demands judgment against MFP for actual damages and statutory damages of $1,000.

**PART IV: CLAIM FOR VIOLATIONS OF FCCPA**

<u>COUNT I: FIRST CLAIM UNDER FCCPA</u>

14. Paragraphs 1 through 11 and 13(a) through (d) are hereby realleged and incorporated as if more fully stated herein.

15. By sending or causing to be sent Exhibit "B" on November 18, 2008 while Bacelli was protected by the

bankruptcy automatic stay and represented by counsel with respect to the debt in question, MFP and St. Joseph's violated §§ 559.72(7), (9), and (18), Fla. Stat.

WHEREFORE, Bacelli demands judgment against MFP and St. Joseph's for actual damages, injunctive relief, and statutory damages of $1,000 each.

<u>COUNT II: SECOND CLAIM UNDER FCCPA</u>

16. Paragraphs 1 through 11 and 13(a), (b), (e), and (f) are hereby realleged and incorporated as if more fully stated herein.

17. By sending or causing to be sent Exhibit "C" on December 18, 2008 while Bacelli was protected by the bankruptcy automatic stay and represented by counsel with respect to the debt in question, MFP and St. Joseph's violated §§ 559.72(7), (9), and (18), Fla. Stat.

WHEREFORE, Bacelli demands judgment against MFP and St. Joseph's for actual damages, injunctive relief, and statutory damages of $1,000 each.

<u>COUNT III: THIRD CLAIM UNDER FCCPA</u>

18. Paragraphs 1 through 11 and 13(a), (b), (g), and (h) are hereby realleged and incorporated as if more fully stated herein.

19. By sending or causing to be sent Exhibit "D" on

February 18, 2009 while Bacelli was protected by the
bankruptcy automatic stay and represented by counsel with
respect to the debt in question, MFP and St. Joseph's violated
§§ 559.72(7), (9), and (18), Fla. Stat.

WHEREFORE, Bacelli demands judgment against MFP and St.
Joseph's for actual damages, injunctive relief, and statutory
damages of $1,000 each.

### COUNT IV: FOURTH CLAIM UNDER FCCPA

20. Paragraphs 1 through 11 and 13(a) and (b) are hereby
realleged and incorporated as if more fully stated herein.

21. On or about September 11, 2008 St. Joseph's sent a
billing letter to Bacelli, a copy of which is attached as
Exhibit "E".

22. By sending or causing to be sent Exhibit "E" while
Bacelli was protected by the bankruptcy automatic stay and
represented by counsel with respect to the debt in question,
MFP and St. Joseph's violated §§ 559.72(7), (9), and (18),
Fla. Stat.

WHEREFORE, Bacelli demands judgment against St. Joseph's
for actual damages, injunctive relief, and statutory damages
of $1,000 each.

### COUNT V: FIFTH CLAIM UNDER FCCPA

23. Paragraphs 1 through 11 and 13(a) and (b) are hereby

realleged and incorporated as if more fully stated herein.

24. On or about October 8, 2008 St. Joseph's sent a billing letter to Bacelli, a copy of which is attached as Exhibit "F".

25. By sending or causing to be sent Exhibit "F" while Bacelli was protected by the bankruptcy automatic stay and represented by counsel with respect to the debt in question, MFP and St. Joseph's violated §§ 559.72(7), (9), and (18), Fla. Stat.

WHEREFORE, Bacelli demands judgment against St. Joseph's for actual damages, injunctive relief, and statutory damages of $1,000 each.

## PART VI: AD DAMNUM

WHEREFORE, plaintiff Joann Bacelli demands judgment against defendants MFP, Inc. and St. Joseph's Hospital, Inc. for total damages as follow:

a. ACTUAL DAMAGES: Actual damages under the FDCPA and FCCPA against all defendants, jointly and severally;

b. FCCPA EQUITABLE RELIEF: Equitable relief enjoining the defendants from further violations of the FCCPA;

c. FEES AND COSTS: Costs and attorneys' fees under the FDCPA and FCCPA against all defendants, jointly and severally;

d. FDCPA STATUTORY DAMAGES AGAINST MFP, INC.: $1,000 for

violations of the FDCPA;

    e. <u>FCCPA STATUTORY DAMAGES AGAINST MFP, INC.</u>: $3,000 for three (3) separate, temporally displaced violations of the FCCPA;

    f. <u>FCCPA STATUTORY DAMAGES AGAINST ST. JOSEPH'S HOSPITAL, INC.</u>: $5,000 for five (5) separate, temporally displaced violations of the FCCPA.

<u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on July 28, 2009 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

s/ Timothy Condon
TIMOTHY CONDON, ESQ. FBN 217921
307 South Fielding Avenue, #2
Tampa, Florida 33606-4126
813-251-2626   Fax 813-200-3395
Email: tim@timcondon.net
COUNSEL FOR PLAINTIFF