UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOANN BACELLI,**

    **Plaintiff,**

v.                                         **CASE NO. 8:09-CV-01396-T-27EAJ**

**MFP, INC., and**
**ST. JOSEPH'S HOSPITAL, INC.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the court is Plaintiff's **Motion for Partial Summary Judgment as to Liability Only** (Dkt. 14) and the responses of Defendant MFP, Inc. ("MFP") (Dkt. 24) and Defendant St. Joseph's Hospital, Inc. ("St. Joseph's Hospital") (Dkt. 26) .[1]

**I.    BACKGROUND**

On August 29, 2008, Plaintiff filed a petition for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida. In her petition, Plaintiff listed a debt of $459.15 owed to St. Joseph's Hospital.

On or about September 5, 2008, a notice of Plaintiff's bankruptcy filing was served on St. Joseph's Hospital. On December 12, 2008, Plaintiff was granted a discharge under Chapter 7 of the Bankruptcy Code; St. Joseph's Hospital was served with a notice of Plaintiff's discharge on or about the same date.

During the pending bankruptcy proceeding, Plaintiff received two billing letters from St.

---

[1] The District Judge referred this matter for a report and recommendation (Dkt. 27). See 28 U.S.C. § 636(b).

Joseph's Hospital dated September 11, 2008 and October 8, 2008. Plaintiff also received a collection notice, dated November 18, 2008, from MFP regarding Plaintiff's debt to St. Joseph's Hospital. This notice advised Plaintiff that "This claim has been placed with us for collection by St. Joseph's Hospital" (Dkt. 5, Ex. B). Plaintiff also received two dunning letters from MFP, dated December 18, 2008, and February 18, 2009. The December 18, 2008 notice requested payment in full of the debt within 21 days. The February 18, 2009 notice to Plaintiff provided in relevant part that: "This is our third notice to you and we need to make a decision on this matter. We would like to inform our client that you have made arrangements to pay the balance in full. . . . Please remit payment in full within 14 days from the date of this letter" (Dkt. 5, Ex. D).

Plaintiff alleges that Defendants are liable for Plaintiff's actual and statutory damages resulting from violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"), because Defendants mailed collection notices to Plaintiff during a pending bankruptcy proceeding in which Plaintiff was represented by counsel. Plaintiff moves for partial summary judgment "as to liability alone, without consideration of any bona fide error defenses" (Dkt. 14 at 1).

## II. STANDARD OF REVIEW

Pursuant to Rule 56, summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. Hairston v. Gainesville Sun Publ'g. Co., 9 F.3d 913, 919 (11th Cir. 1996) (citation

omitted).

The movant bears the initial burden of showing that no issue of material fact exists. Celotex Corp v. Catrett, 477 U.S. 317, 325 (1986). When a moving party has met its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, identify specific facts showing there is a genuine issue for trial. Id. at 324. In determining whether the moving party has discharged its burden of establishing that there is no genuine issue of any material fact and that it is entitled to judgment as a matter of law, the court must draw all reasonable inferences in the light most favorable to the non-movant. Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

## III. DISCUSSION

### A. Alleged Violations of the FDCPA by MFP

Plaintiff argues that MFP violated sections 1692c(a)(2), 1692e(2)(A), and 1692f(1) of the FDCPA by sending Plaintiff three dunning letters over several months while Plaintiff was represented by counsel in her bankruptcy proceeding. As the FDCPA is a strict liability statute, Plaintiff contends that it is irrelevant whether MFP actually knew of Plaintiff's legal representation and Plaintiff's bankruptcy filing prior to mailing the dunning notices.

MFP asserts that, when it mailed the billing notices to Plaintiff, it lacked actual knowledge of Plaintiff's legal representation and Plaintiff's bankruptcy and therefore, Plaintiff's motion should be denied. Furthermore, MFP argues that Plaintiff's motion should be denied because it has a bona fide error defense under the FDCPA.

1. Alleged Violation of Section 1692c(a)(2) of the FDCPA

Although Plaintiff asserts that the FDCPA imposes strict liability on any debt collector that

3

violates its provisions, the express language of section 1692c(a)(2) requires actual knowledge on part of the debt collector. Section 1692c(a)(2) provides that, without the prior consent of the consumer given directly to the debt collector, "a debt collector may not communicate with a consumer in connection of any debt . . . if the debt collector **knows** the consumer is represented by an attorney with respect to such debt and **has knowledge** of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector or unless the attorney consents to direct communication with the consumer." 15 U.S.C. § 1692c(a)(2) (emphasis added). Thus, a debt collector must have actual knowledge of the debtor's representation by counsel to violate section 1692c(a)(2). Schmitt v. FMA Alliance, 398 F.3d 995, 997-98 (8th Cir. 2005). A creditor's knowledge will not be imputed to debt collectors. Randolph v. IMBS, Inc., 368 F.3d 726, 729-30 (7th Cir. 2004).

According to the affidavit of Hepsibeth Nasso ("Nasso"), Operations Manager of MFP, St. Joseph's Hospital did not notify MFP of Plaintiff's representation by counsel or Plaintiff's bankruptcy action (Nasso Affidavit at ¶ 9). Nasso also states that Plaintiff did not inform MFP that she had filed for bankruptcy or that she was represented by counsel prior to MFP's mailing of the collection letters (Id. at ¶11). Plaintiff does not allege MFP had actual knowledge of Plaintiff's representation by counsel. Nor has Plaintiff controverted MFP's assertion that it lacked knowledge of Plaintiff's representation by counsel or Plaintiff's bankruptcy action prior to mailing the dunning letters. Accordingly, there is a genuine issue of material fact regarding MFP's actual knowledge of Plaintiff's representation by counsel during her bankruptcy proceeding.[2] Thus, the court

---

[2] Further, there is a genuine issue of material fact as to whether MFP's alleged violation of section 1692c(a)(2) resulted from a bona fide error.

recommends that Plaintiff's motion for partial summary judgment on Plaintiff's violation of section 1692c(a)(2) be denied.

### 2. Alleged Violations of Sections 1692e(2)(A) and 1692f(1) of the FDCPA

Plaintiff also argues that MFP violated sections 1692e(2)(A) and 1692f(1) by sending dunning letters to Plaintiff after she filed for bankruptcy and while she was represented by counsel. MFP contends that Plaintiff is not entitled to partial summary judgment on these claims because it is entitled to the bona fide error defense.

A debt collector may not use any false, deceptive, or misleading misrepresentations or means in collecting a debt. 15 U.S.C. § 1692e. Section 1692e(2)(A) prohibits a debt collector from falsely representing the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A). A debt collector is also prohibited from collecting any amount of a debt (including any interest, fee, charge, or expense incidental to the principal obligation) unless the amount of the debt is expressly authorized by an agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

"The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." LeBlanc v. Unifund CCR Partners, No. 08-16031, 2010 WL 1200691, at *3 (11th Cir. Mar. 30, 2010) (citation omitted). Pursuant to 1692k(c) of the FDCPA, a debt collector may not be held liable "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). To prove this defense, the debt collector must show by a preponderance of the evidence that its violation of the FDCPA: (1) was not intentional, (2) was a bona fide error, and (3) occurred despite the maintenance of policy and procedures reasonably adapted to avoid any such error. Edwards v.

5

Niagara Credit Solutions, Inc., 584 F.3d 1350, 1352-53 (11th Cir. 2009). "To be considered a bona fide error, the debt collector's mistake must be objectively reasonable." Id. at 1353. The court should apply the objective "least-sophisticated consumer" standard in determining whether a violation of sections 1692e and 1692f of the FDCPA has occurred. LeBlanc, 2010 WL 1200691, at *6, *12.

Here, MFP asserts that it had no knowledge that Plaintiff was represented by counsel when it mailed the collection notices (Nasso Affidavit at ¶ 9). Further, MFP asserts that it relied on St. Joseph's Hospital for collection accounts involved in a bankruptcy proceeding and to advise MFP of a bankruptcy filing (Id. at ¶ 10). MFP alleges that it maintains policies and procedures for handling debtors involved in a bankruptcy proceeding or being represented by counsel (Id. at ¶¶ 12, 14). MFP trains its employees to indicate in a debtor's file when a notice of bankruptcy has been filed, to cease all collection actions, and to close and return the account to the original creditor (Id. at ¶ 12). Similarly, MFP trains its employees to notate in a debtor's account the debtor's counsel's information and to cease any direct contact with the consumer (Id. at ¶ 14). MFP contends that it was informed that Plaintiff had filed a Chapter 7 bankruptcy on June 30, 2009 (Id. at ¶ 15). Following notification of Plaintiff's bankruptcy, MFP states that it updated Plaintiff's account, the account was closed, and the account returned to St. Joseph's Hospital (Id.).

Plaintiff fails to cite any evidence that MFP intentionally sent the collection notices to Plaintiff after MFP knew Plaintiff had filed for bankruptcy and while Plaintiff was represented by counsel. There is no evidence that MFP did anything other than rely on the information obtained from St. Joseph's Hospital. Additionally, Plaintiff does not challenge MFP's policies and procedures as being insufficient and not reasonably adapted to avoid the errors at issue.

Accordingly, there are genuine issues of material fact regarding Plaintiff's defense of a bona fide error. Specifically, genuine issues of fact exist with respect to: (1) whether MFP committed a "bona fide" error in sending Plaintiff collection notices, (2) whether MFP reasonably relied on the information transmitted by St. Joseph's Hospital to MFP, and (3) whether MFP had reasonable policies and procedures in place to avoid the errors. Therefore, the court recommends that Plaintiff's motion for partial summary judgment on Plaintiff's violations of sections 1692e(2)(A) and 1692f(1) of the FDCPA claims be denied.

### B. Alleged Violations of the FCCPA by MFP

#### 1. Sections 559.72(9) and 559.72(18) of the FCCPA

Plaintiff argues that MFP violated sections 559.72(9) and 559.72(18) of the FCCPA when it sent three dunning letters to Plaintiff, who was represented by counsel. MFP maintains that it had no actual knowledge that Plaintiff was represented by counsel or that Plaintiff had filed for bankruptcy when it mailed the collection notices.

The purpose of the FCCPA is to eliminate abusive and harassing tactics in the collection of debts. Trent v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 2007). Section 559.72(9) provides that no person shall "claim, attempt, or threaten to enforce a debt when such person **knows** that the debt is not legitimate or assert the existence of some other legal right when that person **knows** that the right does not exist." Fla. Stat. § 559.72(9) (emphasis added). Similarly, section 559.72(18), prohibits a person from communicating with a debtor "if the person **knows** that the debtor is represented by an attorney with respect to such debt . . ." Fla. Stat. § 559.72(18) (emphasis added). The FCCPA's use of the word "knows" mandates proof of actual knowledge of the impropriety. In re Lamb, 409 B.R. 534, 541 (Bankr. N.D. Fla. 2009).

As previously discussed, MFP asserts that, when it mailed the collection notices, it lacked knowledge of Plaintiff's bankruptcy action and Plaintiff's representation by counsel (Nasso Affidavit at ¶¶ 9,15). Plaintiff fails to cite to any affidavit or deposition testimony that establishes MFP knew the debt was not legitimate, MFP knew it was asserting a non-existent right, or MFP knew Plaintiff was represented by counsel when it sent the collection letters. Moreover, Plaintiff's argument that MFP is strictly liable under sections 559.72(9) and 559.72(18) of the FCCPA is without merit because a debtor must demonstrate actual knowledge on the part of the debt collector to establish a violation of these provisions.

2. Section 559.72(7) of the FCCPA

Plaintiff also alleges that MFP violated section 559.72(7) by sending out the collection notices to Plaintiff while Plaintiff was protected by the bankruptcy automatic stay and represented by counsel.

Pursuant to Section 559.72(7), a person may not "[w]illingly communicate with a debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7). To prove a violation under section 559.72(7), a plaintiff must show (1) that the communication(s) by the debt collector was willfully placed, and (2) that there was a frequency of willful communication that could reasonably be expected to harass the debtor. Beeders v. Gulf Coast Collection Bureau, 632 F. Supp. 2d 1125, 1129 (M.D. Fla. 2009). In determining whether the debt collector's actions were willful and frequent, a court will consider the number of communications, the date of the communications, and the content of the communications. Id. at 1129. A plaintiff must show that

the debt collector had the knowledge or intent to willfully engage in conduct that harassed the consumer. Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000). Generally, whether a debt collector's actions harass, oppress, or abuse a consumer is a question for the jury. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985).

Plaintiff contends that MFP's three collection notices sent over a four-month period from November 18, 2008 to February 18, 2009 constitute abusive and harassing behavior. MFP responds that as it was unaware of Plaintiff's bankruptcy action, the dunning letters do not evince a willful intent to abuse and harass. Moreover, MFP asserts that the mailing of three dunning letters over four months does not amount to abusive and harassing conduct.

Viewing the evidence in the light most favorable to MFP, there is a genuine issue of material facts as to whether MFP had the requisite knowledge or intent to annoy, abuse, or harass Plaintiff. There is also a genuine issue as to whether MFP's three notices sent over a period of four months were of such a frequency as to reasonably be expected to abuse or harass Plaintiff. Therefore, Plaintiff's motion for partial summary judgment on Plaintiff's FCCPA claims should be denied.

**C.     Alleged Violations of the FDCPA and FCCPA by St. Joseph's Hospital**

Plaintiff alleges that St. Joseph's Hospital violated the FDCPA and the FCCPA by sending Plaintiff five dunning notices over a six-month period while Plaintiff was represented by counsel in her bankruptcy proceeding.

St. Joseph's Hospital responds that it is not a debt collector as defined by the FDCPA and FCCPA (Dkt. 26 at 3). St. Joseph's Hospital also contends that it had no knowledge that Plaintiff was represented by counsel in the bankruptcy proceeding when the billing statements and dunning letters were sent to Plaintiff. St. Joseph's Hospital also argues that the billing statements and

9

dunning letters were sent as the result of a bona fide error.

According to Dawn Cox ("Cox"), an employee of BayCare Health Systems ("BayCare"), St. Joseph's Hospital does perform its own billing and "BayCare processes the bills and forwards the invoices to patients for payment" (Cox Affidavit, Dkt. 26-2 at ¶ 3, ¶ 5). Cox contends that "[n]either BayCare nor St. Joseph's Hospital are Consumer Collection Agencies, as defined by the Florida Statutes" (Id. at ¶ 4). Further, Cox states that if billing statements were sent to Plaintiff, "they were sent due to a lack of knowledge of any representation of the former patient by counsel, and without knowledge of any pending or final bankruptcy action" (Id. at ¶ 6). Cox asserts that the billing statements "were sent in the ordinary course of business and were not intended to be harassing or abusive in their content or frequency" (Id. at ¶ 7). Finally, Cox states that Plaintiff received the two billing statements and three dunning letters as a "result of a bona fide error, notwithstanding St. Joseph's Hospital and BayCare's maintenance of procedures reasonably adapted to avoid such errors" (Id. at ¶ 8).

To prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity, (2) the defendant is a debt collector, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. Kaplan, 88 F. Supp. 2d at 1360-61. The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[3] The FDCPA outlines a number of exceptions to the general

---

[3] The definition of a "debt collector" under the FCCPA mirrors that of the FDCPA. Fla. Stat. § 559.55(6).

definition of "debt collector." The definition of "debt collector" expressly states that the following are not debt collectors:

> any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>
> any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>
> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such a person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (vi) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. §§ 1692a(6)(A), (6)(B), (6)(F). Further, the term "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4).

St. Joseph's Hospital argues that Plaintiff's motion should be denied because St. Joseph's Hospital and BayCare are not debt collectors for purposes of the FDCPA and FCCPA. St. Joseph's Hospital is apparently asserting that one of the exceptions to definition of debt collector applies to St. Joseph's Hospital and BayCare.

Although Plaintiff does not allege that St. Joseph's Hospital is a "debt collector" in her amended complaint, Plaintiff asserts that St. Joseph's Hospital violated the FDCPA while "engaged in debt collection activity" (Dkt. 5 at ¶ 13). Viewing the evidence in the light most favorable to St.

Joseph's Hospital, at a minium, there are genuine issues of material fact as to whether St. Joseph's Hospital and BayCare fall under one of the exceptions of the debt collector and whether St. Joseph's Hospital collects debts as a creditor.

Assuming St. Joseph's Hospital is a debt collector, there are also genuine issues of material fact as to whether St. Joseph's Hospital had the requisite knowledge to violate the FDCPA and the FCCPA. Plaintiff does not allege St. Joseph's Hospital had actual knowledge of Plaintiff's legal representation or Plaintiff's bankruptcy proceeding when the dunning notices were sent to Plaintiff. Nor has Plaintiff controverted St. Joseph's assertion that St. Joseph's Hospital and BayCare maintained policies and procedures reasonably adapted to avoid the errors at issue. Accordingly, there are genuine issues of material fact regarding: (1) whether St. Joseph's Hospital had actual knowledge of Plaintiff's representation by counsel during her bankruptcy proceeding prior to the mailing of collection notices by BayCare and MFP, (2) whether St. Joseph's Hospital committed a "bona fide" error in sending Plaintiff collection notices, (3) whether St. Joseph's Hospital and BayCare had reasonable policies and procedures in place to avoid the errors, (4) whether St. Joseph's Hospital had the requisite knowledge or intent to annoy, abuse, or harass Plaintiff, and (5) whether the five collection notices sent over a period of six months were of such a frequency as to reasonably be expected to abuse or harass Plaintiff. Therefore, Plaintiff's motion for partial summary judgment on Plaintiff's FDCPA and FCCPA claims against St. Joseph's Hospital should be denied.

It is therefore **RECOMMENDED** that:

(1) Plaintiff's **Motion for Partial Summary Judgment as to Liability Only** (Dkt. 14) be **DENIED**.

Dated: April 13, 2010

　　　　　　　　　　　　　　　　　　/s/ Elizabeth A. Jenkins
　　　　　　　　　　　　　　　　　　ELIZABETH A JENKINS
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Case No.: 8:09-CV-1396-T-27EAJ

**NOTICE TO PARTIES**

　　　Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636 (b)(1); Local Rule 6.02, M.D. Fla.